

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DGR
F. #2016R01326

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 10, 2025

By ECF

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Herman Segal
                 Criminal Docket No. 20-551 (MKB)

Dear Chief Judge Brodie:

      The government writes in advance of the sentencing hearing in the above-captioned matter, which is scheduled for February 19, 2025. For the reasons set forth below, the government respectfully submits that a sentence below the applicable U.S. Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") range of 12 months custody is appropriate.

I.    Background

      The defendant is a disbarred attorney and certified public accountant who received a law degree from Columbia Law School in 1981. Pre-Sentence Investigation Report ("PSR") ¶ 39. Segal was disbarred from the practice of law following his 1990 conviction for conspiracy to commit murder for which he was incarcerated for seven years. Id. ¶¶ 21, 41.

    A.    The Defendant's Real Estate Activities and Failure to File Tax Returns

      Between 2012 and 2014, the defendant registered multiple shell companies to acquire residential real estate in Brooklyn and Manhattan. After acquiring the properties, the defendant sold many of those properties for a substantial gain. Id. ¶ 3. As discussed below, although the defendant earned income and capital gains from these transactions, he never filed tax returns for any of those tax years. Id.

      In 2013, the defendant earned substantial capital gains from the acquisition and sale of the property located at 432 West 162nd Street, New York, New York. Id. ¶ 4. On February 1, 2013, Articles of Organization were signed and subsequently filed in New York, establishing 432 West 162 Street Acquisition LLC. Id. The defendant was the sole managing member of the LLC, and he signed documents on behalf of the company. Id.

On February 6, 2013, 432 West 162 Street Acquisition LLC purchased the property located at 432 West 162nd Street, New York, New York (the "Property") for $450,000 through a short sale.  Id.  Just over a month later, on March 14, 2013, 432 West 162 Street Acquisition LLC, with the defendant as a signatory, signed a contract to sell the Property to Canberra Raiders LLC for $1,075,000.  Id.  At the time of the new agreement, the defendant had secured a side agreement with a finder for the property and agreed to pay a fee to the finder of $350,000 to acquire the property.  Id.

    B.    The Defendant's Tax Due and Owing

Accounting for the gains and the additional middleman payment included in the tax calculation, the defendant's tax due and owing for Tax Year 2014 was $4,388.  The defendant willfully failed to file a tax return for that tax year.  As part of his plea agreement to one count of misdemeanor failure to file a return, the defendant has agreed to pay restitution with respect to the defendant's federal tax liabilities, in the amount of $919,802, payable to the Internal Revenue Service.  This figure includes the defendant's total tax due and owing for Tax Years 2012, 2013 and 2014, which are relevant conduct under the Guidelines.  The defendant filed no tax return for any of those years.  His total Income for 2012 was $161,488.00, resulting in a tax due and owing for 2012 of $38,527.00.  The total short term capital gain from real estate activities in 2013 is $2,202,187.00.  Accounting for stock losses and a partnership loss totaling $14,147. The defendant's total income for 2013 was $2,188,040.00, resulting in a tax due and owing in 2013 of $837,871.

## II.    The Sentencing Guidelines

The PSR correctly calculates the effective sentencing Guideline range as 12 months, the statutory maximum for this misdemeanor offense.  That range is based on the following calculation:

| | |
|---|---:|
| Base Offense Level (U.S.S.G. §§ 2T1.1(a)(1); 2T4.1(H)) | 20 |
| Less: Acceptance of Responsibility (U.S.S.G. § 3E1.1(b)) | -3 |
| Less: Zero Point Offender (U.S.S.G. § 4C1.1) | -2 |
| Total: | 15 |

Although an offense level of 15 yields a Guidelines range of 18 to 24 months, the defendant's plea to a misdemeanor failure to file charge caps his sentencing exposure at 12 months' custody.

## III.    The Appropriate Sentence

The government respectfully submits that a sentence of below the applicable Guidelines range of 12 months is appropriate.  While this is a misdemeanor offense for tax year 2015, the defendant's undisputed conduct is more serious than that.  Combined with his remarkably serious criminal history—which, due to its age resulted in no Criminal History points—a substantial punishment is warranted.

The history and characteristics of the defendant are unique. The defendant lived a life of substantial privilege and accomplishment, having attending Columbia Law School and earned his CPA. But in 1987 he was convicted of conspiracy to commit murder. The case, as recounted by the Second Department in affirming the defendant's conviction, was incredibly serious. See People v. Segal, 173 A.D.2d 579 (2d Dep't 1991). In short, following the death of his brother, the defendant suspected the perpetrators were his own relatives, so he conspired to murder them and attempted to hire a hit man to do it. Id. at 580. After being convicted at trial, he was sentenced to prison, serving more than seven years total before being paroled. PSR ¶ 21.

Notwithstanding this substantial experience with the criminal justice system, the defendant committed the instant offense. While non-violent, his execution of the scheme reflects someone with a flagrant disregard for the law that applies to everyone. This was not a case of a mistake or overlooked tax issue of someone with a complicated financial life. As a former lawyer and CPA, the defendant was certainly able to comply with this tax obligations, he simply chose not to. And his use of shell companies to hide his activities reveal just how calculated each step was.

Given the defendant's prior criminal history, the need to deter him future crime and deter others from mimicking his efforts, a sentence amounting to a significant punishment is required.

Respectfully submitted,

JOHN J. DURHAM<br>
United States Attorney

By:     /s/<br>
       Drew G. Rolle<br>
       Assistant U.S. Attorney<br>
       (718) 254-6783

cc: U.S. Probation Department (by Email)